GEORGE G. MGDESYAN, ESQ. (STATE BAR NO. 225476)
ARAKSYA BOYADZHYAN, ESQ. (STATE BAR NO. 299917)
MGDESYAN LAW FIRM
4529 SHERMAN OAKS AVENUE
SHERMAN OAKS, CA 91403
TELEPHONE: (818) 386-6777
FACSIMILE:    (818) 754-6778

Attorney for Plaintiff,
ALEX DUARTE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX DUARTE,<br><br>　　　　Plaintiff,<br><br>V.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, and DOES 1 to 10, inclusive,<br>　　　　Defendants. | Case Number:<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br>1. 42 U.S.C § 1983- Violation of Plaintiff's Fourth Amendment Right- Unreasonable Seizure<br>2. Negligence<br><br>**[JURY TRIAL DEMAND]** |

## PRELIMINARY STATEMENT

This is a civil rights action for damages arising from the unreasonable seizure of Plaintiff ALEX DUARTE on 03/02/2023, in Los Angeles, California by Defendants which resulted in the violations of Plaintiff's rights guaranteed to him under the United States Constitution.

Plaintiff ALEX DUARTE hereby asserts and alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 & 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. At all relevant times to the facts underlying the present complaint, Plaintiff Alex Duarte (hereinafter "Plaintiff") is and was a resident of Los Angeles, California, at the time of the allegations set forth herein.

3. Venue is proper in the Central District of California under 28 U.S.C. § 139(a) and (b).

## PARTIES

4. Plaintiff, Alex Duarte, brings his claims under 42 U.S.C. § 1983 for deliberate indifference to his constitutionally protected interests. Plaintiff brings his claim under 42 U.S.C §1983 for violations of his Constitutional rights.

5. Defendant LOS ANGELES POLICE DEPARTMNET, (hereinafter "LAPD") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California.

6. Defendant CITY OF LOS ANGELES (hereinafter "CITY") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California. Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LAPD, and particularly said Department's training, tactics, methods, practices, customs and

usages related to internal investigations, personnel supervision and records maintenance.

7. In this case, CITY acted through its agents, employees, and servants, including the policymakers for defendant LAPD, and through defendant officers sued herein as DOE Defendants.

8. At all relevant times, Defendants CITY, LAPD (collectively may be referred to throughout complaint as "City Municipal Defendants") and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the LAPD, including those individuals charged with protecting the health and safety of the public, including Plaintiff, and to assure that said actions, policies, rules, regulations, customs, practices and procedures of the LAPD and its employees and agents complied with the laws and constitutions of the United States and the State of California. At all relevant times, the CITY were the employers of Doe officers.

9. Plaintiff is informed and believes and thereon alleges that Defendants sued herein as DOES 1 through 10, inclusive, were officers and employees/agents of Defendant CITY and LAPD, and were at all relevant times acting in the course and scope of their employment and agency with Defendant CITY and LAPD. Each Defendant is the agent of the other. Plaintiff alleges that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained. Each individually named Doe defendant, like each individually named defendant, acted under color of law and within the scope of his or her agency and employment with the City and State Municipal Defendants. Each Doe is sued in both his/her official and individual capacities.

**FACTS COMMON TO ALL CAUSES OF ACTION**

3

10. This complaint concerns an incident which occurred on or about March 2, 2023 at or near Sherman Way Avenue in the City of Los Angeles, California.

11. On the aforementioned date, Alex Duarte was operating his vehicle he had purchased from the dealer, when officers with the City of Los Angeles began pursuing him. Said Defendants' officers then unreasonably pulled Plaintiff over and drew guns upon Plaintiff for allegedly driving a stolen vehicle.

12. Plaintiff was unreasonable detained, despite the vehicle he was operating not being stolen. Multiple officers arrived on scene, including an air unit, Defendant Doe officers then drew their government issued weapons upon Plaintiff despite no reasonable basis. Twenty year old Plaintiff suffered psychological injuries as a result of the incident and the unreasonable seizure.

13. Officers, whose names are unknown at this time and are herein sued as DOES 1-10 inclusive, were employed by and acting in the course and scope of their employment with the City and State Municipal Defendants.

14. Alex Duarte suffered damages including emotional injuries and was required to enlist the help of a psychologist. The damages sustained by Alex Duarte are a direct and proximate result the actions by Defendants and DOE Defendants.

## FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS – UNREASONABLE SEIZURE
## [42 U.S.C. §1983]
### (By Plaintiff against all Defendants)

15. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

16. Plaintiff is informed, believes, and therefore alleges, that on or about March 2, 2023 DOE Defendants, and each of them, committed actions in violation of and with deliberate indifference to Alex Duarte's Fourth Amendment right to be free from unreasonable searches and seizures.

17. The above articulated constitutional violations were proximately caused by City Municipal Defendants' indifference to the maintenance, training, and control of their officers/ DOE Defendants.

18. The injuries and constitutional violations set forth herein were proximately caused by the customs, practices, policies and decisions of Defendants City Municipal Defendants including, but not limited to, inadequately training and supervising and failing to provide adequate training on reasonable seizures and arrests.

19. Plaintiff is informed and believes, and thereupon alleges, that on or before March 2, 2023 the City Municipal Defendants Defendant hired, trained, supervised, employed and/or managed the individual officer, with conscious disregard of an deliberate indifference to the constitutional rights of third parties, in that it was plainly obvious to said Defendants that these officers demonstrated callous disregard for the rights and safety of civilians like Plaintiff.

30. The authorized policymakers within the City Municipal Defendants had approved the conduct by Defendants in failing to properly investigate, in unreasonably seizing and arresting Plaintiff. The authorized policymakers within the City Municipal Defendants have shown affirmative agreement with the individual Defendant's actions, and have ratified the unconstitutional acts of the individual Defendant officers.

20. These policies and custom in failing to supervise and train said individual Defendants were the moving force and the reason behind the individual Defendants' violation of Plaintiff's constitutional rights.

21. The above acts or omission of acts of the DOE Defendants were undertaken while under color of state law and resulted in the violation of Plaintiff's constitutional rights, as stated herein. Likewise, the customs, practices, policies, and decisions of the Municipal Defendants alleged herein and as applied to Alex Duarte, resulted in violation of Plaintiff's constitutional rights.

22. Plaintiff Alex Duarte had the right to be free from unreasonable searches and seizures, and the right to be free from unreasonable arrest. These rights and privileges are secured to ALEX DUARTE by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused the injuries sustained by Plaintiff.

23. DOE defendants did not have reasonable suspicion to seize Plaintiff, or believe that he had committed a crime. Furthermore, the scope of the seizure was excessive.

24. Each of the individual DOE Defendants acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate those rights and privileges, entitling Plaintiff to punitive and exemplary damages against individual DOE Defendants in an amount to be proven at the trial of this matter.

25. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the Defendants and each of them, Plaintiff Alex Duarte has suffered mental injury, and incidental damages in a sum to be determined at trial.

26. Plaintiff is entitled to and hereby demand costs, attorney fees and expenses pursuant to 42 U.S.C. §1988.

27. By reason of the aforementioned acts and omissions of acts of Defendants, and each of them, Plaintiff has suffered severe mental anguish, emotional distress, and financial losses as alleged.

## SECOND CAUSE OF ACTION
## NEGLIGENCE
(By Plaintiff against Defendant DOE Defendants and DOES 1 to 10)

6

28. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

29. Plaintiff is required to comply with claim statutes for this state cause of action, and Plaintiff has complied with all applicable claim statutes. Plaintiff filed a claim with the City of Los Angeles within the time limit required, and obtained a rejection to said claim on August 10, 2023.

30. DOE Defendants breached their duty of care.

31. DOE Defendants unreasonably seized Plaintiff in an excessive manner, for what they articulated to him as being for him driving a stolen vehicle, when in fact it was confirmed that Plaintiff was not operating a stolen vehicle.

32. Plaintiff was harmed as a result.

33. DOE Defendants' negligence was a substantial factor in causing harm to Plaintiff.

## **JURY DEMAND**

Plaintiff hereby demands that a jury be empanelled for the trial of this matter.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows;

1. General and compensatory damages in an amount according to proof;
2. Special damages in an amount according to proof;
3. Exemplary and punitive damages against each Defendant, except the CITY and LOSE ANGELES POLICE DEPARTMENT in an amount according to proof;
4. Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988, and any other applicable provision of law;

///
///
///
///

5. Such other relief as may be warranted or as is just and proper.

DATED: January 10, 2024           Respectfully Submitted,

/s/ *George G. Mgdesyan*
George G. Mgdesyan, Esq.
Attorney for Plaintiff

## JURY DEMAND

Trial by jury of all issues is demanded.

DATED: January 10, 2024           Respectfully Submitted,

/s/ *George G. Mgdesyan*
George G. Mgdesyan, Esq.
Attorney for Plaintiff